IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JUSTICE ADDEAH-DONKOR,**

    **Plaintiff,**

v.                                                                      **Civil Action No. 2:10cv56**
                                                                              **(Judge Maxwell)**

**UNITED STATES GOVERNMENT,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On April 30, 2010, the *pro se* plaintiff, initiated this action by filing a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983 and authorized suits against federal employees in their individual capacities. At the time the plaintiff filed his complaint, he was incarcerated in the Buffalo Federal Detention Facility which is located in Batavia, New York. On May 18, 2010, the plaintiff was granted leave to proceed *in forma pauperis* and was ordered to pay an initial partial filing fee of $5.07 within twenty-eight (28) days. On June 16, 2010, the plaintiff filed a motion requesting an expansion of time to pay the required fee. On June 17, 2010, the motion was granted, and he was permitted an additional twenty-one (21) days to pay the fee. On July 6, 2010, the plaintiff filed a Notice of Change of Address which indicates that he is now living in Ghana, having been deported by U.S. Immigration. Because of the plaintiff's changed circumstances, the order granting the plaintiff leave to proceed as a pauper was rescinded, and he was ordered to file an Application to Proceed Without Payment of Fees and Affidavit. The plaintiff

complied, and on August 6, 2010, his Application to Proceed *in forma pauperis* was granted, and he was given leave to prosecute this action to its conclusion without prepayment of costs or giving security therefor. Accordingly, this matter is before the undersigned for an initial review and report a and recommendation.

**I. The Complaint**

In his complaint, the plaintiff alleges that in October of 2009, while in immigration custody in New York, he was diagnosed with Sarcoidosis[1] of the lungs. The plaintiff further alleges that immigration officials ignored the fact that an x-ray revealed an abnormality of his chest and intentionally transferred him to another facility to face charges in the State of Ohio. The plaintiff also maintains that upon learning that he had a serious lung condition, Ohio authorities transferred the plaintiff back to immigration custody due to the medical costs associated with his illness. The plaintiff alleges that the government doctor, Bailey[2], and the Rochester surgeon, Matthew Ferrantino, advised the immigration court that treatment for his illness included "ventilation from the outside and not being confined due to lungs not able to get enough oxygen." (Doc. 1, p. 1). The plaintiff further alleges that despite his medical issues, he was physically abused by an officer named

---

[1]"Sarcoidosis is a life-threatening multi-organ disease of the autoimmune type which primarily affects the lungs and lymph nodes, but may affect any part of the body, especially heart, skin, muscles, nervous tissue and eyes. It is an illness plagued with exascerbations [sic] and remissions and requires treatment to suppress the body's cellular immunity through use of high dose steroids, immune-modulators or cytotoxic agents, singularly or in combination." (Doc. 1-2, p.1).

[2]Attachments to the plaintiff's complaint indicate that the plaintiff is referring to Capt. Brenda D. Bailey, M.D., Clinical Director of the Buffalo District Federal Detention Facility. (Doc. 1-2, p. 1).

2

(illegible), who slammed him on the ground causing additional lung pain and making it hard to breathe daily.

For relief, the plaintiff asks this court to investigate this case because he believes it is a clear example of racism motivated by his marriage to a white woman and hatred for immigrants. In addition, the plaintiff seeks $100 million from the government.

## III. Analysis

### A United States Government

A Bivens cause of action is only available against federal officers in their individual capacities, not the federal agency which employs the persons acting under federal law or the federal government itself. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (refusing to find a Bivens remedy against a federal agency); Kentucky v. Graham, 473 U.S. 159, 165 (1985); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens is against federal officials individually, not the federal government."). Therefore, the United States of America, or the United States Government is not a proper defendant and, the plaintiff's complaint should be dismissed for failure to name a proper defendant for a Bivens claim.

### B. Venue

Even if the plaintiff had named a proper defendant to state a Bivens claim, it is clear from the facts presented in this case that venue over this action does not lie with this Court. Pursuant to 28 U.S.C. § 1391(e):

> A civil action in which the a defendant is an officer or employee of the

> United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

Liberally construed, the plaintiff's complaint alleges deliberate indifference to a serious medical condition in violation of the Eighth Amendment. That indifference, if in fact it occurred, happened while the plaintiff was incarcerated in a federal facility in New York. Although the plaintiff has not named any individual defendants, it is difficult to imagine that any of those individuals who dealt with the plaintiff in New York are residents of the State of West Virginia. Moreover, it appears from documents submitted by the plaintiff, that prior to his deportation, he, too, was a resident of the State of New York. (Doc. 1-4). Finally, it is clear that West Virginia is not the site where a substantial part of the events or omissions giving rising to the claim occurred. In fact, West Virginia's only connection to this case is the fact that the plaintiff was in the Northern Regional Jail when the detainer was placed on him by immigration services.

### IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint (Doc. 1) be **DISMISSED.**

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation

4

to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* plaintiff by registered mail, return receipt requested, to his last known address as shown on the docket sheet.

Dated: August 30, 2010

                                                                 /s/ James E. Seibert
                                                                 JAMES E. SEIBERT
                                                                 UNITED STATES MAGISTRATE JUDGE