**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JUSTICE ADDEAH-DONKOR,**

        Plaintiff,

v.                                                                                                   Civil Action No. 2:10cv56

**UNITED STATES GOVERNMENT,**

        Defendant.

### ORDER

On August 30, 2010, Magistrate Judge James E. Seibert filed a Report and Recommendation ("R&R") [Doc. 19] in the above-styled case. In the R&R, the plaintiff was directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. No objections to the Magistrate Judge's R&R have been filed. Accordingly, this Court will proceed with consideration of the R&R reviewing for clear error.[1]

Upon examination of the report from the Magistrate Judge, it appears to this Court that the issues raised by the plaintiff's Complaint were thoroughly considered by Magistrate Judge Seibert in his R&R. Moreover, this Court, upon a review for clear error, is of the opinion that the R&R accurately reflects the law applicable in this case. Therefore, it is

**ORDERED** that Magistrate Judge Seibert's Report and Recommendation (Doc. 19) be, and the same hereby is, **ADOPTED**. Accordingly, it is

**ORDERED** that the plaintiff's Complaint (Doc. 1) be, and the same hereby is,

---

[1] The failure of a party to object to a Report and Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a *de novo* review of the issues presented. *See* **Wells v. Shriners Hospital,** 109 F.3d 198, 199-200 (4th Cir. 1997); **Thomas v. Arn**, 474 U.S. 140, 148-153 (1985).

**DISMISSED** for failure to name a proper defendant.  It is further

**ORDERED** that the above-styled action shall be **DISMISSED** and **STRICKEN** from the docket of this Court.  It is further

**ORDERED** that the Clerk of Court shall enter judgment for the defendant.

Finally, this Court notes that under the controlling authority, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000).  In order to satisfy this standard, the petitioner must demonstrate that reasonable jurists would find any assessment of the constitutional claims or dispositive procedural rulings made by the Court wrong or debatable.  ***Miller-El v. Cockrell***, 537 U.S. 322, 336-38 (2003); ***Slack v. McDaniel***, 529 U.S. 473, 484 (2000); ***Rose v. Lee***, 252 F.3d 676, 683-84 (4th Cir. 2001).  After an independent review of the record, it is clear that the petitioner has failed to make the requisite showing of the denial of a constitutional right.  Accordingly, this Court is of the opinion that a Application for Certificate of Appealability must be denied.

The Clerk is hereby directed to enter a separate judgment order and to send a copy of this Order to all parties herein.

**DATED**: November 5, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE